[Cite as *Thompson v. State*, 2013-Ohio-1907.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99265

---

## BOBBY C. THOMPSON

RELATOR

vs.

## STATE OF OHIO

RESPONDENT

---

## JUDGMENT:
### WRIT DENIED

---

Writ of Mandamus
Motion No. 462222
Order No. 464293

**RELEASE DATE:** May 7, 2013

**FOR RELATOR**

Bobby C. Thompson, pro se
Inmate No. 0295315
Cuyahoga County Jail
P.O. Box 5600
Cleveland, Ohio   44101


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

Mike DeWine
Ohio Attorney General
30 East Broad Street
17th Floor
Columbus, Ohio   43215

Brad L. Tammaro
Assistant Attorney General
Special Prosecuting Attorney
P.O. Box 968
Grove City, Ohio   43123

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} On December 11, 2012, the relator, Bobby C. Thompson, commenced this mandamus action; he named the state of Ohio as respondent. In the underlying case, *State v. Thompson*, Cuyahoga C.P. No. CR-565050, he is facing charges of engaging in a pattern of corrupt activity, complicity in theft, complicity in money laundering, tampering with records, identity fraud, and possession of criminal tools. Through mandamus, he seeks this court (1) to issue a temporary restraining order staying all proceedings in the underlying case, as well as a general stay of proceedings, until this mandamus action is completely resolved; (2) to order the complete record from the underlying case to be transferred to this court; (3) to order that any of Thompson's November 2, 2012 motions, which may have been stricken, be unstricken; (4) to order the clerk of court to provide file-stamped copies of these motions to this court and the parties; (5) to allow Thompson to file hand-printed pleadings in this matter; (6) to prohibit the trial court from postdating any journal entries related to a November 13, 2012 hearing so he may file a timely appeal from those journal entries; (7) to allow him to appear before this court for any oral arguments in regular clothes and unshackled; (8) to compel the trial court in the underlying case to issue journal entries for his November 2, 2012 motions and for the November 13, 2012 hearing, and for this court to grant all of his motions in the underlying case; (9) to compel the trial court to hold a hearing to allow Thompson to proceed in the underlying case pro se; (10) to grant his November 2, 2012 motions; (11)

to order the prosecuting attorneys not to file motions that would inhibit Thompson from asserting his constitutional rights; and (12) to order the trial court to issue journal entries from November 13, 2012, forward for any actions taken during hearings.

{¶2} On January 2, 2013, the Cuyahoga County Prosecutor filed "Respondent State of Ohio Memorandum Contra Petition for Writ of Mandamus." On January 11, 2013, this court converted the "memorandum contra" to a motion for summary judgment. Thompson filed opposing briefs on January 15, 2013, and February 6, 2013. The court has reviewed these filings, the attached materials, and the docket in the underlying case and concludes that this matter is ripe for resolution. For the following reasons, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus.

## Procedural and Factual Background

{¶3} The gravamen of this matter is Thompson's legal representation in the underlying case: whether he represents himself with or without advisory/ standby counsel, whether he has appointed counsel, or whether he has hybrid representation — he and appointed counsel act as equal co-counsel.[1]

---

[1] In *State v. Washington*, 8th Dist. Nos. 96565 and 96568, 2012-Ohio-1531, this court explained that in Ohio an indigent defendant has the right to representation by appointed counsel or to proceed pro se with the trial court allowing the assistance of standby or advisory counsel. In the latter, the defendant is representing himself, but may ask for advice from the standby counsel, and in certain cases, standby counsel at the request of the defendant may assume more traditional duties, such as examining witnesses or presenting argument. In the "hybrid representation" scenario, defendant and the attorney are co-counsel. However, Ohio does not recognize "hybrid representation." *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227.

{¶4} Initially, Thompson asked that he be recognized as lead counsel with his appointed counsel as co-counsel, in other words hybrid representation. When the trial judge clarified that hybrid representation was not available in Ohio, Thompson withdrew the motion.[2] Subsequently, Thompson's first appointed counsel withdrew from the case because he believed that alone he could not adequately represent Thompson.[3] At that time, Thompson indicated that he still did not want to represent himself, although he had filed pro se motions. The trial judge then appointed new counsel, denied Thompson's pro se motions, and told Thompson that he was not to file other pro se motions.

{¶5} On November 2, 2012, Thompson filed the subject motions. The docket lists them as follows: (1) Motion for appointment of counsel; (2) Motion for assignment of additional counsel, and motions related in the alternative; (3) Motion for appointment of counsel supplemental and in the alternative motions; and (4) Motion for smooth transition of counsel and motion for motion/ order to be filed under seal.[4] The trial judge held a

---

[2] The state of Ohio initially prosecuted Thompson on related indictments in *State v. Thompson*, Cuyahoga C.P. Nos. CR-543025 and CR-545577. This discussion on representation occurred in one of the earlier cases. The state has since dismissed those earlier cases and is proceeding on the underlying case.

[3] The state alleges that Thompson and at least two other individuals set up a phony charitable organization and hired professional charitable solicitors to obtain money, who sent the money to certain bank accounts. The state concludes that Thompson and the others then withdrew the money for their own purposes. The materials before this court indicate that there are over 100,000 pages of records or evidence involved and 1.5 million dollars may have been stolen in this matter.

[4] The respondent provided a copy of Thompson's "Motion for assignment of additional counsel and motions related in the alternative." The parties did not provide this court with copies of the other motions. A fair reading of Thompson's 22-page motion is that he is requesting hybrid representation for a team of at least 11 lawyers with himself as lead counsel.

hearing on November 13, 2012, on the subject motions. The state argued that they were not properly before the court because the court had forbidden Thompson to file pro se motions because he had representation. Appointed counsel said that he had not seen the motions and could not argue that they should not be stricken. Thompson indicated that he was asserting his right to self representation and that the motions made that clear. The trial judge stated that the court would strike the motions. However, the trial court never issued any journal entries resolving the subject motions. Indeed, the respondent's brief at page four confirms that there is no journal entry to reflect the trial court's decision made at the November 13, 2012 hearing. A review of the docket shows no such journal entry has been issued. A court speaks only through its journal; a judge's oral pronouncements from the bench do not constitute a decision. *State ex rel. Ruth v. Hoffman*, 82 Ohio App. 266, 80 N.E.2d 235 (1st Dist.1947). Thus, the subject motions remain outstanding.

{¶6} Despite what Thompson said at the initial stages of this matter, it now appears that he wishes to represent himself pro se, as compared to hybrid representation, and that he is doing so. First, there was his statement at the November 13, 2012 hearing that he is invoking his constitutional right to represent himself. When he filed this writ action, he started his petition with: "I want to be my own attorney ['counsel pro se] * * *." Then on January 30, 2013, he filed and the trial court entered his waiver of attorney. The waiver states in pertinent part as follows: "I, Bobby Thompson, the Defendant in this case, hereby voluntarily waive and relinquish my right to an attorney, and elect to

represent myself to this Court of Common Pleas." Subsequently, he has filed approximately 70 pro se motions, and the trial court has ruled on some of them. On February 19, 2013, the trial court issued the following entry: "Defendant indigent; attorney Joseph C. Patituce assigned. Laptop provided by state and uploaded with discovery by Joseph C. Patituce, to be provided to the defendant, pro se. Attorney Patituce to remain as advisory counsel." Finally, the docket shows that on March 1, 2013, Thompson filed a motion to discharge Patituce as advisory counsel. Accordingly, this court concludes that Thompson is now representing himself pro se.

## Conclusions of Law

{¶7} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 631 N.E.2d 119 (1994); and *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist. No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994). Moreover, mandamus is an extraordinary

remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); and *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (8th Dist.1993).

{¶8} Although mandamus should be used with caution, the court has discretion in issuing it. In *Pressley,* 11 Ohio St.2d 141, 228 N.E.2d 631, paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done."

{¶9} First, the petition is defective because it is improperly captioned. Thompson styled this petition as "*Bobby Thompson v. State of Ohio*." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ. *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962).

{¶10} Moreover, the failure to caption the case correctly creates uncertainty as to the identity of the respondent and the duties and rights to be enforced. The failure to name the respondents specifically creates doubts as to whether Thompson seeks some branch of the state of Ohio, or the clerk of courts, or the trial judge, or this court, or the prosecuting attorney to perform some clear legal duty. This court has held that this

deficiency alone also warrants dismissal. *State ex rel. Calloway v. Court of Common Pleas of Cuyahoga Cty.,* 8th Dist. No. 71699, 1997 Ohio App. LEXIS 706 (Feb. 27, 1997); and *Jordan v. Cuyahoga Cty. Court of Common Pleas,* 8th Dist No. 96013, 2011-Ohio-1813.

**{¶11}** Additionally, Thompson failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.App.R. 45(B)(1)(a). *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; and *State ex rel. Wilson v. Calabrese*, 8th Dist. No. 70077, 1996 Ohio App. LEXIS 6213 (Jan. 18, 1996). Thompson attached a "Verification" in which he states merely that all of the statements are true and correct under penalty of perjury, but the verification is not notarized. In *Leon,* the Supreme Court of Ohio upheld this court's ruling that merely stating in an affidavit that the complaint was true and correct was insufficient to comply with the local rule. In *Chari v. Vore*, 91 Ohio St.3d 323, 2001-Ohio-49, 744 N.E.2d 763, the Supreme Court of Ohio ruled: "'Verification' means a 'formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statement in the document.' Garner, Black's Law Dictionary (7 Ed.1999) 1556 * * *." The Supreme Court of Ohio then reversed the court of appeals' granting of the writ and awarding of relief and held that the cause should have been summarily dismissed because the petition was procedurally defective. Therefore, Thompson has not submitted a proper verification or affidavit

under Ohio law, and this court denies his application on this basis. *Griffin v. McFaul*, 116 Ohio St.3d 30, 2007-Ohio-5506, 876 N.E.2d 527.

{¶12} Moreover, many of Thompson's claims are beyond the power of this court and the scope of mandamus. Thompson requests a stay of all proceedings in the underlying case until this mandamus action is fully resolved. In *France v. Celebrezze,* 8th Dist. No. 98147, 2012-Ohio-2072, this court ruled that the filing for an original action does not automatically stay the underlying case. Additionally, Ohio courts of appeals lack original jurisdiction in prohibitory injunction. *State ex rel. Chattams v. Pater*, 131 Ohio St.3d 119, 2012-Ohio-55, 961 N.E.2d 186.

{¶13} Mandamus will not lie to remedy the anticipated nonperformance of a duty. *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.,* 54 Ohio St.3d 48, 562 N.E.2d 125 (1990). Nor will mandamus issue to compel the observance of laws generally. *State ex rel. Tillimon v. Weiher*, 65 Ohio St.3d 468, 1992-Ohio-83, 605 N.E.2d 35. Thus, this court will not issue a writ of mandamus to prohibit the prosecuting attorney from filing improper motions or to prohibit the trial court from postdating any journal entries.

{¶14} Because mandamus may not control judicial discretion, the writ will not lie to compel the trial court to grant all or any of Thompson's motions or to compel the trial judge to unstrike any stricken motions. How a court resolves any given motion comes within the discretion of the court.

**{¶15}** The most viable claim in mandamus that Thompson poses is to compel the trial court to issue journal entries on the November 2, 2012 motions. However, this court declines to issue a writ of mandamus at this time. In *State ex rel. Rodgers v. Cuyahoga Cty. Court of Common Pleas*, 83 Ohio App.3d 684, 615 N.E.2d 689 (8th Dist.1992), this court held that the circumstances of the case, including the lapse of time, the need for discovery, the issues presented, other pending motions, other pending matters, and the trial court's inherent power to regulate procedure that justice may result, determine when an inordinate amount of time has lapsed so as to necessitate mandamus to compel a ruling. The present case's circumstances, including Thompson's pro se representation and the multiple motions he has filed, do not compel the issuance of mandamus at this time to resolve the November 2, 2012 motions. Eventually, the trial court needs to resolve those motions. Whether the trial court grants, denies, denies as moot, or strikes those motions is within its discretion, but this court need not now compel a ruling.

**{¶16}** Finally, this court concludes that this matter is moot. A review of all the materials Thompson submitted shows that his ultimate objective was to represent himself in the underlying case. He is now doing so. If a matter is moot, the court should dismiss. *State ex rel. Eliza Jennings, Inc. v. Noble*, 49 Ohio St.3d 71, 551 N.E.2d 128 (1990).

**{¶17}** Accordingly, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus. Relator to pay costs. This

court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶18} Writ denied.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR