[Cite as *In re M.T.*, 2025-Ohio-2084.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| IN RE: M.T. | : | APPEAL NOS. C-240610 |
|  |  | C-240611 |
|  | : | TRIAL NOS. 24/1325-01 X |
|  |  | 24/1325-02 X |
|  | : |  |
|  | : | *JUDGMENT ENTRY* |

This cause was heard upon the appeals, the records, the briefs, and the arguments.

The judgments of the trial court are affirmed and the cause is remanded for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for these appeals, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 6/13/2025 per order of the court.**

**By:**_____
      **Administrative Judge**

[Cite as *In re M.T.*, 2025-Ohio-2084.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| IN RE: M.T. | : | APPEAL NOS. | C-240610 |
| | | | C-240611 |
| | : | TRIAL NOS. | 24/1325-01 X |
| | | | 24/1325-02 X |
| | : | | |
| | : | | *O P I N I O N* |

Appeals From: Hamilton County Juvenile Court

Judgments Appealed From Are: Affirmed and Cause Remanded

Date of Judgment Entry on Appeal: June 13, 2025

*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Norbert Wessels*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Jessica Moss*, Assistant Public Defender, for Defendant-Appellee.

**ZAYAS, Presiding Judge.**

**{¶1}** The State appealed the juvenile court's orders dismissing two complaints alleging M.T. to be a delinquent child who committed two acts constituting domestic violence. In its sole assignment of error, the State contends that the juvenile court erred as a matter of law in dismissing the complaints solely at the request of the prosecuting witnesses. We disagree and affirm the juvenile court's judgment.

## Factual Background

**{¶2}** On June 15, 2024, two complaints were filed alleging that 17-year-old M.T. committed two counts of domestic violence against family members. The offenses were based on M.T. "pushing mother and grandmother to the floor without consent over argument over Xbox and laundry." No injuries were noted on the police report.

**{¶3}** M.T. was referred to the Assessment Center during a pretrial hearing on June 26, 2024. At the next pretrial hearing, mother explained that M.T. was on the waitlist for services at Children's Hospital and requested service options through the Assessment Center. Mother expressed some difficulty in transferring services from Kentucky.

**{¶4}** At a pretrial hearing on September 24, 2024, M.T. orally renewed[1] his motion to dismiss the charges "based on the fact that he [didn't] have any further contacts or any other issues and mom and grandmother don't want to go forward, [he] believe[d] it would be appropriate to dismiss the charges under Rule 9." M.T. further explained that he suffered from several mental-health challenges, including PTSD,

---

[1] The parties agreed in their briefs that M.T. orally moved for the charges to be dismissed at a prior hearing. That is not in the appellate record because the transcript of that hearing was not filed in the appeal.

ADHD, and autism, which contributed to the charges. Since the incident occurred, M.T. "was good" with mother and grandmother and had obtained a job. Mother and grandmother did not wish to proceed and had secured counseling to resolve and treat his issues. Referrals had been made for services for M.T., and some were in place, and some were in the process of being scheduled.

{¶5} When questioned by the magistrate, mother stated that she declined to participate in family therapy because everyone was participating in individual counseling. Mother explained that M.T.'s "behavior has improved" and expressed her frustration with the juvenile process, expressing that the process had been "more of a punishment for me than for him" and was causing a financial hardship for her family. Mother reiterated that she had had no behavioral issues with M.T. since the complaint was filed in June, except for "normal teenage stuff."

{¶6} Grandmother agreed that M.T. was doing very well and was helping her around the house. Grandmother had no arguments with M.T., and if he raised his voice, he would immediately stop when she asked why he was "hollering." Grandmother was very proud of his improved behavior. M.T. was able to get up and go to work on his own initiative. M.T.'s guardian ad litem had no objection to the complaints being dismissed.

{¶7} The State objected to the dismissals because it believed that dismissal was not currently in M.T.'s best interest. M.T. had just recently started participating in services, and the State wanted to wait to consider dismissal until M.T. had proven cooperative with the services. In response, M.T. emphasized that the cases had been going on for months and M.T. had had no issues with behavior or any additional charges, and that M.T. would soon be 18.

{¶8} The magistrate "dismissed [the charges] without prejudice at the

4

request of prosecuting witnesses." The magistrate further noted that "[m]other and grandmother report youth's behavior at home as improved, and he was referred to counseling." Notably, the magistrate did not overrule the Juv.R. 9 motion.

**{¶9}** The State filed a written objection to the magistrate's decision arguing that under R.C. 2930.06(A)(4), "[a] court shall not dismiss a criminal complaint, charge, information, or indictment or a delinquent child complaint solely at the request of the victim or victim's representative and over the objection of the prosecuting attorney," and that mother and grandmother requested the dismissal without standing to make the request.

**{¶10}** In the written objection, the State sought leave to supplement the objection upon receipt of the transcript. M.T. did not file a written response. The juvenile court ruled on the objection before the transcript was filed, but in its entry the court stated that it reviewed the audio-visual recordings of the proceedings.

**{¶11}** In its decision, the court noted that Article I, Section 10a of the Ohio Constitution, Marsy's Law, grants victims the right to be present at all proceedings and to be heard at any proceeding involving release, plea, sentencing or disposition. Additionally, under R.C. 2930.09(A)(1), the victim has the right to be heard at any proceeding in which the victim's rights are implicated. While acknowledging that a court is not required to act upon the request of a victim, the court "believes it to be in accordance with the spirit of Marsy's Law to heed the victims' wishes in this case and dismiss the matter without prejudice if the victims do not want to proceed with the charges."

**{¶12}** The juvenile court further concluded that R.C. 2930.06(A)(4) did not prohibit the dismissal because in addition to the victims' request, M.T. "orally

renewed" his request to dismiss the complaint pursuant to "Juv.R. 29(F)(2)(d)."[2] Thus, the dismissal was not based solely on the victims' requests. The juvenile court overruled the objection and approved and adopted that magistrate's decision.

## Law and Analysis

**{¶13}** The State now appeals, and in its sole assignment of error, contends that the juvenile court erred as a matter of law by dismissing the complaints solely at the request of the prosecuting witnesses in violation of R.C. 2930.06(A)(4).

**{¶14}** Under R.C. 2930.06(A)(4), "A court shall not dismiss a criminal complaint, charge, information, or indictment or a delinquent child complaint solely at the request of the victim or victim's representative and over the objection of the prosecuting attorney, village solicitor, city director of law, or other chief legal officer responsible for the prosecution of the case."

**{¶15}** In this case, the juvenile court determined that the magistrate's dismissal was not based solely on the request of the prosecuting witnesses. The dismissal was also based on the renewed motion to dismiss under Juv.R. 9.

**{¶16}** Juv.R. 9 provides:

(A) Court action to be avoided. In all appropriate cases formal court action should be avoided and other community resources utilized to ameliorate situations brought to the attention of the court.

(B) Notification. If formal court action is avoided pursuant to division (A) of this rule, the court shall notify the prosecuting attorney and the victim of the offense in accordance with Chapter 2930 of the Revised Code.

---

[2] Both parties agree that the dismissal was requested under Juv.R. 9 and that the reference to Juv.R. 29(F)(2)(d) was a clerical error that could be corrected via a nunc pro tunc entry.

**{¶17}** The Ohio Supreme Court has confirmed that Juv.R. 9 grants the juvenile court the authority to dismiss a complaint. *In re D.S.*, 2017-Ohio-8289, ¶ 8. The Court recognized that Juv.R. 9 should be liberally interpreted and construed "to provide for the care, protection, and mental and physical development of children subject to the jurisdiction of the juvenile court, and to protect the welfare of the community" and also "to protect the public interest by treating children as persons in need of supervision, care and rehabilitation." *Id.*, quoting Juv.R. 1(B)(3) and (4).

**{¶18}** The State argued that the dismissals were based solely on the victims' requests because the magistrate "denied M.T.'s rule 9 motion." M.T. responded that the dismissal was not based solely on the victims' requests and that dismissal was appropriate under Juv.R. 9 where "community resources are available to assist the child and improve the family dynamics in lieu of continuing with formal court proceedings." In reaching her decision, the magistrate explained that she considered multiple matters including M.T.'s ongoing favorable behavior during the pendency of the case and enrollment in mental-health services.

**{¶19}** As previously stated, the magistrate did not deny the Juv.R. 9 motion in her written decision. It is axiomatic that "[a] court speaks only through its journal; a judge's oral pronouncements from the bench do not constitute a decision." *Thompson v. State*, 2013-Ohio-1907, ¶ 5 (8th Dist.), citing *State ex rel. Ruth v. Hoffman*, 82 Ohio App. 266 (1st Dist. 1947). A judge can change his or her mind before making a journal entry because the court has not spoken until its journal entry is filed. *See Paul v. PNC Bank, N.A.*, 2022-Ohio-672, ¶ 9 (1st Dist.) ("Because the court has not spoken until its journal entry is filed, a judge can change his or her mind before making a journal entry without giving the parties grounds to appeal."); *Buckingham v. Buckingham*, 2018-Ohio-2039, ¶ 46 (2d Dist.), citing *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275

(1955), paragraph three of the syllabus ("Thus, judges can change their minds 'before making a journal entry without giving the parties grounds for an appeal, because the court has not spoken until its journal entry is filed.'").

{¶20} Here, this was not just M.T.'s mother and grandmother making an independent request for dismissal of the complaints absent another basis for dismissal. M.T. made an oral motion to dismiss pursuant to Juv.R. 9, and as M.T. contended in his brief, the magistrate considered the factors identified by M.T. in his Juv.R. 9 motion in reaching her decision. The magistrate's written decision was based in part on M.T.'s improved behavior and his counseling, which were argued as part of his Juv.R. 9 motion. As the juvenile court found, the magistrate's decision relied on M.T.'s Juv.R. 9 motion.

{¶21} Although the juvenile court discussed Marsy's Law in its decisions and how the Ohio Constitution provided victims with the right to be heard, the court made it clear that the right to be heard "[did] not equate to a mandate that the Court must act in accordance with the victims' wishes." Contrary to the State's argument, the juvenile court did not grant the victims the right to dismiss a complaint over the prosecution's objection or otherwise misconstrue or misapply R.C. 2930.06(A)(4).

{¶22} Juv.R. 9 "authorizes the juvenile court to dismiss cases that it believes are best handled in other manners or by utilizing other resources." *In re E.K.*, 2024-Ohio-5291, ¶ 2 (1st Dist.). The record plainly demonstrates that the juvenile court dismissed the complaints because other community resources were being utilized to ameliorate the situation. *See* Juv.R. 9. Based on this record, we cannot conclude the juvenile court erred by dismissing the complaints.

{¶23} Accordingly, we overrule the sole assignment of error.

## Conclusion

{¶24} Having overruled the sole assignment of error, we affirm the judgments of the trial court. We remand the cause to the juvenile court for nunc pro tunc entries to correct the clerical errors in its entries.

Judgments affirmed and cause remanded.

CROUSE and BOCK, JJ., concur.