[Cite as *State v. Young*, 2020-Ohio-3194.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO,                    :        JUDGES:
                                  :        Hon. William B. Hoffman, P.J.
        Plaintiff - Appellee      :        Hon. John W. Wise, J.
                                  :        Hon. Craig R. Baldwin, J.
-vs-                              :
                                  :
TRAVIS R. YOUNG,                  :        Case No. 2019 CA 00037
                                  :
        Defendant - Appellant     :        O P I N I O N


CHARACTER OF PROCEEDING:                   Appeal from the Fairfield County
                                           Municipal Court, Case No. 18-CRB-
                                           1144



JUDGMENT:                                  Affirmed



DATE OF JUDGMENT:                          June 3, 2020



APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

JOSEPH M. SABO                             JAMES L. DYE
City of Lancaster Law Director's Office    P.O. Box 161
136 West Main Street                       Pickerington, Ohio 43147
P.O. Box 1008
Lancaster, Ohio 43130

*Baldwin, J.*

{¶1}   Defendant-appellant Travis Young appeals his conviction and sentence from the Fairfield County Municipal Court. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On June 10, 2018, Deputy Marty Norris of the Fairfield County Sheriff's Department was working with Deputy Scott Hargrove. The two were attempting to serve a Civil Protection Order (CPO) from a Fairfield County Court of Common Pleas case on appellant at his residence. Deputy Norris testified that they were going to collect any firearms that appellant might have as part of the CPO. The CPO was admitted as an exhibit at trial. Deputy Norris testified that the CPO contained a physical description of appellant and listed the address that they went to on June 10, 2018.

{¶3}   Deputy Norris testified that Deputy Hargrove knocked on the door of appellant's residence, announced that they were from the Sheriff's Office, and asked for appellant. He testified that appellant, whose BMV photo he had reviewed, answered the door.   When appellant was verbally asked if he was Travis Young, he responded "Maybe." Trial Transcript at 113. After Deputy Hargrove told appellant that it was a yes or no question, appellant said "In that case, no" and tried to retreat into the house. Trial Transcript at 114. Appellant was then taken into custody. Even after being shown the CPO, appellant continued to deny being Travis Young.

{¶4}   Appellant was charged with falsification in violation of R.C. 2921.13(A)(3), a misdemeanor of the first degree, and obstructing official business under R.C. 2921.31(A), a misdemeanor of the second degree. At his arraignment on June 11, 2018, appellant entered a plea of not guilty to the charges. Following a jury trial, appellant was

found guilty of both charges. The trial court agreed that the two charges would merge for purposes of sentencing. The trial court sentenced appellant to a $25.00 fine plus costs on the falsification charge and 120 days incarceration with 60 days suspended and two years of community control.

{¶5} Appellant now raises the following assignments of error on appeal:

{¶6} I. THE TRIAL COURT ERRED BY ALLOWING COMMENT ON AND THE INTRODUCTION OF THE CIVIL PROTECTION ORDER AS IT WAS HIGHLY PREJUDICIAL TO DEFENDANT WITH NO PROBATIVE VALUE THEREBY DENYING DEFENDANT A FAIR TRIAL AND DUE PROCESS OF LAW.

{¶7} II. THE TRIAL COURT ERRED AND THEREBY DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY OVERRULING APPELLANT'S CRIM.R. 29 MOTION FOR JUDGMENT OF ACQUITTAL, AS THE PROSECUTION FAILED TO PROVED ALL THE ELEMENT (SIC) OF THE CHARGES OF FALSIFICATION AND OBSTRUCTION OF OFFICIAL BUSINESS.

{¶8} III. THE TRIAL COURT ERRED AND THEREBY DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY FINDING APPELLANT GUILTY, AS THE VERDICT FOR THE CHARGES OF FALSIFICATION AND OBSTRUCTION OF OFFICIAL BUSINESS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶9}   IV. THE TRIAL COURT ERRED BY FINDING THAT THE TWO COUNTS MERGED FOR SENTENCING PURPOSES BUT THEN SENTENCED APPELLANT ON EACH COUNT.

I

{¶10}  Appellant, in his first assignment of error, argues that the trial court erred by allowing comment on and introduction of the CPO as it was highly prejudicial to him with no probative value.

{¶11}  Appellant specifically argues that the CPO was not admissible under Evid.R. 404(B). Such rule states as follows:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

{¶12}  At an October 9, 2018 settlement conference, appellant made a pro se motion in limine asking that the trial court refer to the CPO as "civil court papers". Appellant argued that referring to it as a CPO would prejudice the jury. The trial court stated that "[w]hatever it is, it's going to be referred to as whatever it's designated on the document itself." Transcript of October 9, 2018 settlement conference at 11.  The trial court ordered that the document be referred to as an order of protection, but appellant

asked that the word "protection" not be used. The court refused to delete the word "protection", noting that that was what the document said. The trial court further stated, in relevant part, as follows:

{¶13} THE COURT: If it's prejudicial, it's not unfairly so in this Court's opinion, so the Court is going to overrule that motion. And it's in limine anyway. You can raise it during the trial if you wish, but - - and the Court will listen at that point as well, but I'm telling you it's a document - - the document generally speaks for itself and he's not going into the - - he's already stated he's not going into the underlying bases for that - -.

{¶14} THE DEFENDANT: Yeah, the elements.

{¶15} THE COURT: - - order of protection.

{¶16} THE DEFENDANT: Okay.

{¶17} THE COURT: So I don't anticipate that being an issue. All it is, is you were being served with this document.

{¶18} Transcript of October 9, 2018 settlement conference at 13.

{¶19} At trial, the CPO was referred to as a "civil protection order." We concur that there is no substantive difference between "civil protection order" and "order of protection." Defense counsel objected to the admission of part of the CPO as an exhibit, specifically the attachment to the exhibit which contained appellant's statement about what had occurred and why the protection was issued. The attachment was the final two pages of the exhibit. The trial court held that the CPO could be admitted as an exhibit without the attachment containing the basis for the CPO.

{¶20} We concur with appellee that the trial court did not err in allowing comment on and introduction of the CPO as it was relevant for purposes of showing the duties of

law enforcement and was not evidence of prior bad acts. As is stated above, the trial court excluded the two page attachment to the CPO which described the underlying bases of the court protection order. The jury was provided evidence of what the CPO required without being informed of the underlying reasons for such requirements.

{¶21} We find that the CPO was highly relevant in this case since it was such order that the Deputies were attempting to serve on appellant at the time of the incident and that forms the basis of the underlying charges in this case. As noted by appellee, discussion and introduction of the CPO was necessary for the State to prove certain elements of falsification and obstructing official business. The CPO contains appellant's name as well as his address, date of birth and a physical description of him which assisted the jury in determining whether appellant was the "Travis Young" named in the court order. Moreover, as discussed by Deputy Norris, the CPO required him to perform certain tasks like seizing firearms or deadly weapons. After appellant lied about his name and attempted to retreat into his residence, the steps that the Deputies were required to perform could not be performed. The jury needed to understand what the CPO required the Deputies to do in order to find that their duties were obstructed or delayed by appellant's actions.

{¶22} We further find that appellant was not unfairly prejudiced by admission of the CPO. As noted by appellee, the CPO was not admitted for the purpose of proving that appellant had a "proclivity to lie or obstruct law enforcement officials" but rather to let the jury understand what law enforcement was required to do upon service of the same.

{¶23} Appellant's first assignment of error is, therefore, overruled.

II, III

**{¶24}** Appellant, in his second assignment of error, contends that the trial court erred in denying his Motion for Judgment of Acquittal of both charges pursuant to Crim.R. 29. In his third assignment of error, he maintains that his convictions are against the manifest weight of the evidence.

**{¶25}** Crim.R. 29 governs a motion for acquittal. Subsection (A) states the following:

**{¶26}** The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

**{¶27}** Conversely, "[p]ursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus

**{¶28}** On review for sufficiency, this court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99

S.Ct. 2781, 61 L.Ed.2d 560 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

**{¶29}** Appellant, in the case sub judice, was convicted of falsification in violation of R.C. 2921.13(A)(3) and obstructing official business in violation of R.C. 2921.31(A). R.C. 2921.13(A)(3) stated that "[n]o person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following applies:…(3) The statement is made with purpose to mislead a public official in performing the public official's official function. In turn, R.C. 2921.31(A) provides that "(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

**{¶30}** In the case sub judice, with respect to the falsification charge, there was testimony that appellant knew that the Deputies were looking for Travis Young and denied being Travis Young even though appellant admitted at trial to being Travis Young. Appellant knowingly made a false statement with the purpose to mislead a public official

in performing the public official's official function which, in this case, was the serving of the CPO. With respect to the obstructing official business charge, the fact that appellant refused to state his name prevented the Deputies from fulfilling the obligations of the CPO which included serving the CPO and collecting any weapons that appellant might have. In addition, appellant tried to retreat into his house before the Deputies were finished with their investigation, thereby impeding them in the official performance of their lawful duties.

{¶31} Based on the foregoing, we find that, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crimes proven beyond a reasonable doubt and that the trial court did not err in denying appellant's Crim.R. 29(A) motion. We further find that the jury did not lose its way in convicting appellant of the two offenses.

{¶32} Appellant's second and third assignments of error are, therefore, overruled.

IV

{¶33} Appellant, in his fourth assignment of error, argues that the trial court erred in sentencing appellant on both counts after stating that the sentences would be merged.

{¶34} At the July 12, 2019 sentencing hearing, the trial court agreed that the sentences would merge. The trial court then sentenced appellant as follows:

{¶35} I'll tell you what the Court's going to do here.  I'm going to make it a $25 fine and court costs.  And that's on the falsification.

{¶36} On the obstructing official business there will be no fine.  The Court is going to impose a 120 day jail sentence.  I'm suspending 60 days of those days.  Now that means you owe 60 days of incarceration.  I am going to impose 15 days.  I want you to

report to the Fairfield County Jail on the 12th of August by 6:00 p.m. in order to begin serving that 15 day sentence.

**{¶37}** Now the remaining 45 days are going to be split up here and I want you to come for a review hearing on Friday, January the 17th of 2020…

**{¶38}** You will be on 2 years of probation…..

**{¶39}** Transcript of sentencing hearing at 5-6. The trial court, in its July 12, 2019 Final Judgment Entry, only sentenced appellant on the falsification charge and not the obstructing official business charge. A corrected Final Judgment Entry was filed on August 1, 2019 to correct the number of days that appellant was sentenced to.

**{¶40}** This court notes that "[a] court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." *Schenley v. Kauth*, 160 Ohio St. 109, 113 N.E.2d 625, paragraph one of the syllabus (1953). In the case sub judice, the trial court's Judgment Entry only sentenced appellant on the falsification charge.

**{¶41}** Appellant's fourth assignment of error is, therefore, overruled.

{¶42} Accordingly, the judgment of the Fairfield County Municipal Court is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.