[Cite as *State v. Horner*, 2020-Ohio-5530.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 20CA000012 |
| WILLIAM E. HORNER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:       Criminal Appeal from the Court of Common
                               Pleas, Case No.  20CR03-0059


JUDGMENT:                      Affirmed


DATE OF JUDGMENT ENTRY:        December 2, 2020


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

CHARLES T. McCONVILLE                 JAMES S. SWEENEY
PROSECUTING ATTORNEY                  JAMES SWEENEY LAW, LLC
SARAH FELDCAMP                        285 South Liberty Street
ASSISTANT PROSECUTOR                  Powell, Ohio  43065
117 East High Street, Suite 234
Mount Vernon, Ohio  43050

*Wise, John, J.*

{¶1}     Appellant William E. Horner appeals his sentence from the Knox County Court of Common Pleas after entering a plea of guilty to one count of Aggravated Possession of Drugs, a felony in the second degree, in violation of R.C. 2925.11(A).

## STANDARD OF REVIEW

{¶2}     Appellant Horner's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We informed Appellant that his attorney had filed an *Anders* brief on his behalf and granted him until October 30, 2020, to file a *pro se* brief. Appellant has not filed a pro se brief.

{¶3}     In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Anders* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant the counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶4}     The relevant facts leading to this appeal are as follows.

**FACTS AND PROCEDURAL HISTORY**

{¶5}     On April 22, 2020, Appellant pled guilty to one count of Aggravated Possession of Drugs, a felony of the second degree, in violation of R.C. 2925.11(A). Appellant waived a presentence investigation report, and the trial court proceeded immediately to sentence Appellant. During the hearing, the trial court stated, "[i]t is therefore the sentence of the Court that the defendant serve a mandatory indefinite term of imprisonment of a minimum of two years to a maximum of 3.5 years." T. at 20. In the Sentencing Entry, the trial court stated, "[i]t is the sentence of the Court that the Defendant serve an indefinite term prison term of a mandatory minimum term of imprisonment of two (2) years and a maximum term of imprisonment of three (3) years on Count One, pursuant to Ohio Revised Code Section 2929.144." Sentencing Entry, P. 2.

**POTENTIAL ASSIGNMENTS OF ERROR**

{¶6}     Counsel's brief suggests one assignment of error as follows:

{¶7}     "I. WHETHER THE TRIAL COURT ERRED WHEN SENTENCING THE APPELLANT AS THERE IS A DISCREPANCY BETWEEN THE SENTENCE STATED BY THE TRIAL COURT DURING THE SENTENCING HEARING AND THE SENTENCE IN THE SENTENCING ENTRY."

**I.**

{¶8}     In his only potential Assignment of Error, Appellant suggests the trial court may have erred as there is a discrepancy between the sentence stated at the sentencing hearing and the sentence in the Sentencing Entry. We disagree.

**{¶9}** "A court of record speaks only through its journal, and not by oral pronouncement. *Pettit v. Glenmoor Country Club, Inc.*, 5th Dist. Stark No. 2012-CA-00088, 2012-Ohio-5622, ¶17, *citing Schenley v. Kauth*, 160 Ohio St. 109, 113 N.E.2d 625 (1953), paragraph one of the syllabus. "A trial court's oral statements have no legal force and effect unless and until incorporated into a journalized entry. *Schenley* at ¶17. If a journalized order contradicts the trial court's comments from the bench, the journalized order controls. *Id.*

**{¶10}** In *State v. Young*, 5th Dist. Fairfield No. 2019 CA 00037, 2020-Ohio-3194, ¶35-38, the trial court, during a sentencing hearing, sentenced the defendant on a falsification charge and on an obstructing official business charge after stating the sentences would be merged. However, the Final Judgment Entry only sentenced defendant on the falsification charge for the correct number of days. *Id* at ¶39. This Court held that the trial court's Judgment Entry controls as defendant was only sentenced on the falsification charge.

**{¶11}** In the case *sub judice*, the trial court noted at the sentencing hearing the defendant will serve a mandatory minimum term of two years to a maximum of 3.5 years in prison. However, the Sentencing Entry corrected the maximum amount. It said, "[i]t is the sentence of the Court that the Defendant serve an indefinite term prison term of a mandatory minimum term of imprisonment of two (2) years and a maximum term of imprisonment of three (3) years…". Sentencing Entry, P. 2.

**{¶12}** We find no merit in the proposed Assignment of Error, and it is hereby overruled. Furthermore, after independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to

base an appeal. We therefore find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

**{¶13}** For the foregoing reasons, the judgment of the Court of Common Pleas of Knox County, Ohio, is hereby affirmed.

By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.

JWW/br 1201